T. F. PHARR v. COMMISSIONERS OF CABARRUS COUNTY.

(Filed 13 May, 1914.)

1. Counties and Towns—Public Roads—Assessments—Damages—
   Appeal—Notice—Resolutions.

   Upon the petition of the owner of the land upon which the commissioners of Cabarrus County opened and changed a public road under the statute applicable, the damages were ·assessed, and the commissioners denied liability, for reasons stated in a resolution, which also instructed that an appeal be taken to the Superior Court. Upon the trial it appeared that the court ad-

mitted a copy of this resolution, but it does not appear from the record on appeal to the Supreme Court that it was admitted as evidence, or read to the jury, or that it was considered by the court except as a notice of appeal and a plea that the proceeding had not been commenced in six months, as the statute required: *Held*, the resolution was competent in this respect, and no error is found.

2. Counties and Towns—Public Roads—Damages—Appeal Bond—Court's Discretion.

Upon appeal to the Superior Court by the county commissioners of Cabarrus County from an award of damages to the owner of land for the construction of a public road thereon (ch. 201, Pub. Laws 1907), it is discretionary with the trial judge to permit the required bond to be given at the time of the trial.

3. Counties and Towns—Public Roads—Damages—Appeal, Time to Perfect—Interpretation of Statutes.

A requirement of a public road law, that the owner of lands upon which the location of such road is changed must file his petition asking for damages within six months after such change is made, must be complied with to entitle the owner to the damages claimed.

4. Appeal and Error—Record—Instructions.

Where it does not appear from the record that there was any evidence, or aspect of the controversy, which would make a prayer requested for special instruction applicable, the refusal of the trial court to so instruct will not be held for error.

APPEAL by plaintiff from *Harding, J.,* at January Term, 1914, of CABARRUS.

This is a proceeding to have damages assessed under the road law of Cabarrus County, alleged to have been incurred in changing and relocating a road across the land of the plaintiff.

The petition for the assessment of damages was filed on 22 November, 1913, and thereafter the jury, duly appointed, assessed the damages at $500. The report of the jury was presented to the defendant, the board of commissioners, and the following order was made thereon, which is referred to in the record as Exhibit A:

The petition of T. F. Pharr to the clerk of the Superior Court of Cabarrus County, asking that a jury be appointed to

assess the damages, if any, sustained by him by reason of the improvements of the public road over the said Pharr's land on the National Highway between Jackson Training School and Rocky River, and the report of the jury allowing and assessing said damages, together with the papers in the cause, having been laid before the board of commissioners at an adjourned meeting of the said board on Monday, 15 December, 1913, by the clerk of the Superior Court, and it appearing to the said board that the said Pharr is not entitled to any damages, for that he asked and petitioned and consented for the said improvement of the said road to be made over his land where and as it was made; and also for that certain dirt had been removed by said county in front of his house as a full satisfaction to him of any and all rights or claims for damage that he might have had, if any; and for that his right of action is barred by the lapse of time under the statute; and it also appearing to the said board that the damages assessed, towit, $500, is excessive and unreasonable, and that the said jury did not take into consideration the benefits to the said Pharr, as required by the Cabarrus road law, in arriving at their conclusion as to the amount due the said Pharr:

It is, therefore, ordered by the board of commissioners of Cabarrus County that the said $500 assessed by the jury against the said county in favor of the said T. F. Pharr be not paid, and that an appeal be taken to the Superior Court of Cabarrus County in said case, and that the original papers pertaining to this matter, together with this order, be sent up.

J. F. HARRIS,<br>
*Clerk to Board.*

Filed and docketed 24 December, 1913.

H. L. WIDENHOUSE,<br>
*Clerk Superior Court.*

The defendant did not file a bond to secure the costs of the appeal until 15 January, 1914, the day before the trial in the Superior Court.

The jury found, upon an issue submitted to them, that the plaintiff did not institute this proceeding within six months after the road was completed across his lands.

The plaintiff moved to dismiss the appeal for failure to file the bond before attempting to appeal, and, upon denial of· the motion, excepted.

The plaintiff requested his Honor to instruct the jury "That the defendant cannot take advantage of its failure to accept the job of Foil as completed until the first day of June, 1913, and defendant ·cannot require plaintiff to have knowledge of the completion of the road, according to plans and specifications; until said defendant had placed its approval upon said work as completed," which was refused, and the plaintiff excepted.

There was a judgment in favor of the defendant, and the plaintiff appealed.

The following are the assignments of error discussed in·plaintiff's brief:

1. In admitting the paper-writing marked "Exhibit A" as part of the record of the case.

2. In overruling plaintiff's· motion to dismiss the appeal for the failure to give the bond prior to the docketing, as required by chapter 201, Public Laws 1907.

3. In refusing to make order affirming the report and award of assessors appointed by the clerk.

4. In declining to give plaintiff's prayer for instructions No. 1a.

*Morrison H. Caldwell for plaintiff.*
*L. T. Hartsell and H. S. Williams for defendant.*

ALLEN, J.  (1) It does not appear from the record that the paper, Exhibit A, was introduced in evidence or read before the jury, or that it was considered by the court, except as a notice of appeal and as a plea that the proceeding had not been commenced within six months, for which purposes it was competent.

(2) The road law (ch. 201, Pub. Laws 1907) under which this proceeding has been conducted provides that either party

aggrieved in the assessment of damages "shall have the right of appeal to the Superior Court, after giving good and sufficient security for costs," and the plaintiff contends this is mandatory, and that the giving of the bond being a condition precedent to the right to appeal, the court had no power to permit the bond to be filed, and that the appeal of the defendant to the Superior Court ought to have been dismissed.

The language of the statute is not more imperative or emphatic than that of section 450 of the Revisal, which says: "Before issuing the summons the clerk shall require of the plaintiff either to give an undertaking, etc.," and it has been uniformly held under the latter statute that the court may permit the undertaking to be filed after the writ is returned (see annotations in Pell's Revisal, sec. 450), and the same construction should be given to the statute under consideration.

(3) The road law also provides that the party aggrieved by the change or location of a road must file his petition asking for the assessment of damages within six months after such change, location, or relocation of the road, and as the jury has found that the plaintiff's petition was not filed within the time prescribed, the court properly refused to affirm the report and award of the assessors.

(4) We do not see the pertinency of the instruction which his Honor refused to give, as it does not appear in the record that the defendant failed to accept "the job of Foil or that it undertook to take advantage of its failure to do so."

We find no error in the trial.