CARMEL STEELMAN v. CHARLES BENFIELD AND H. D. McLEAN,

and

JAMES PARSONS v. CHARLES BENFIELD AND H. D. McLEAN.

(Filed 24 March, 1948.)

**1. Appeal and Error § 23—**

While the form of the assignments of error must depend largely upon the circumstances of each case, they should clearly present the error relied upon without the necessity of going beyond the assignment itself to learn what the question is.

**2. Appeal and Error § 28—**

The brief should succinctly state the questions of law arising upon the exceptions which appellant desires to have discussed and decided so as to enable the court. as well as counsel, to obtain an immediate grasp of the nature of the controversy.

**3. Automobiles § 18h (2)—**

Two cars, traveling in opposite directions, collided on the highway. There was conflicting evidence for plaintiffs and for defendants tending to show, respectively, that the other car was being operated on its left side of the highway. *Held:* The conflicting evidence raises questions of fact for the determination of the jury.

**4. Trial § 15—**

Motion to strike must be made immediately after the testimony objected to in order to preserve an exception to the admission of the evidence.

**5. Trial § 14—**

Objection to the admission of a photograph in evidence, interposed for the first time when a witness undertakes to use the photograph to explain his testimony, is too late.

**6. Evidence § 30a—**

Where a photograph is used solely to explain testimony as to the damage to a car and not to depict the scene of the accident, the fact that the car had been moved from the scene at the time the photograph was taken does not render it incompetent.

**7. Trial § 31b—**

The trial court, in reviewing the evidence, is not required to give a verbatim recital of the testimony, but only a summation sufficiently comprehensive to present every substantial and essential feature of the case.

**8. Appeal and Error § 6c (6)—**

In the court's summation of the evidence, inaccurate statements of facts in evidence, as distinguished from a statement of facts not shown in the evidence. must be brought to the court's attention in apt time in order for an exception thereto to be considered.

**9. Automobiles § 12a—**

Evidence of speed greater than is reasonable and prudent under the conditions then existing and, in any event, in excess of 45 miles per hour, is evidence of negligence under the provision of G. S., 20-141, prior to the amendment of Ch. 1067, sec. 17, Session Laws 1947.

**10. Appeal and Error § 39f—**

Where the charge of the court is without error when considered contextually, exceptions to excerpts therefrom cannot be sustained.

APPEAL by defendants from *Alley, J.,* January Term, 1948, WILKES. No error.

Two civil actions to recover compensation for personal injuries and property damages resulting from a taxi-automobile collision. In the Parsons case the defendants pleaded a counterclaim. The two cases were tried together by consent.

On 25 July 1946, Steelman was operating an automobile on the Wilkesboro-Lenoir highway, going in a westerly direction towards Lenoir. Parsons was his guest passenger. At the same time Benfield was operating a taxi belonging to defendant McLean on the same highway, going easterly towards Wilkesboro. He was at the time an employee of McLean, engaged in the discharge of his duties as such. The two vehicles met and collided in a curve just west of the village of Boomer. Evidence as to the circumstances of the collision is in sharp conflict.

The testimony for plaintiffs tends to show that Steelman was operating his vehicle on his right side of the road and on the outside of the curve, at about 30 miles per hour; that Benfield approached from the opposite direction at a high rate of speed—60 or 65 miles per hour; his taxi "was bouncing up and down" and was veering to its left across the center of the road. "When the taxi began to come into the curve he (Benfield) was coming too fast when he started to make the curve he couldn't make it, the car kept veering over toward us." Steelman cut his car to the right, partly off the hard surface, when the taxi collided with his right front wheel, "bounced up on top" of the automobile and "bounced back off the side of our car and was sitting about midways of the road." Parsons was thrown against the windshield and then out of the car on the bank of the road, suffering certain personal injuries. Steelman remained under the steering wheel and suffered a fractured pelvis and other serious injuries. His car was badly damaged.

On the other hand, the evidence for the defendants tends to show that just as the taxi, going about 40 miles per hour, reached or was entering the curve, Benfield saw Steelman's automobile approaching on the wrong side of the road and that he cut to his right, partly off the hard surface, to avoid the collision, but was hit by plaintiff's automobile and the taxi

was knocked backward 10 or 15 feet. Benfield suffered certain personal injuries and "the whole front end" of his taxi was mashed in.

At the hearing in the court below appropriate issues in each action were submitted to the jury. In the Parsons case these included issues raised by defendants' pleaded counterclaim. The issues in each case were answered in favor of the plaintiff. From judgments on the verdicts defendants appealed.

*W. H. McElwee and Hayes & Hayes for plaintiff appellees.*
*W. H. Strickland and Larry S. Moore for defendant appellants.*

BARNHILL, J. The defendants' assignments of error consist of a *seriatim* listing of the exceptions entered during the trial. Two and one-half pages of their brief are consumed in stating the "questions involved." The "questions" as stated are the exceptions in abbreviated form, of which the following is typical: "Was there error in the question and answer set forth in Assignment of Error No. 1 (R. p. 21)?" They make no effort to state the questions of law raised by their exceptions which they desire to have discussed and decided.

"Just what will constitute a sufficiently specific assignment must depend very largely upon the special circumstances of the particular case; but always the very error relied upon should be definitely and clearly presented, and the Court not compelled to go beyond the assignment itself to learn what the question is." *Thompson v. R. R.,* 147 N. C., 412; *Porter v. Lumber Co.,* 164 N. C., 396, 80 S. E., 443.

". . . the points determinative of the appeal, shall be stated clearly and intelligibly by the assignment of errors . . .," *McDowell v. Kent,* 153 N. C., 555, 69 S. E., 626; *Jones v. R. R.,* 153 N. C., 419, 69 S. E., 427; *Cecil v. Lumber Co.,* 197 N. C., 81, 147 S. E., 735; *Rawls v. Lupton,* 193 N. C., 428, 137 S. E., 175; *Jenkins v. Castelloe,* 208 N. C., 406, 181 S. E., 266; *Harrell v. White,* 208 N. C., 409, 181 S. E., 268; and "the first page of appellant's brief . . . shall be used . . . for a succinct statement of the question or questions involved on the appeal. Such statement should not ordinarily exceed fifteen lines, and should never exceed one page . . .

"The statement of the questions involved or presented by the appeal, is designed to enable the Court, as well as counsel, to obtain an immediate view and grasp of the nature of the controversy; and failure to comply with this rule may result in dismissal of the appeal." Rule 27½, 221 N. C., 562; *Caldwell v. R. R.,* 218 N. C., 63, 10 S. E. (2d), 680; *Lumber Co. v. Latham,* 199 N. C., 820, 155 S. E., 925; *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126.

It would seem that the motion of plaintiffs to dismiss is not without substantial merit.

Clearly there was sufficient evidence to repel the motion for judgment as in case of nonsuit and to require the submission of appropriate issues to the jury. It was for them to decide the credibility of witnesses and sift the truth from the conflicting testimony.

Exceptions relating to the admission of testimony are without merit. While it is contended that one of the answers of plaintiff Steelman was not responsive and based on opinion and not on fact, there was no motion to strike. *Hodges v. Wilson,* 165 N. C., 323, 81 S. E., 782; *Luttrell v. Hardin,* 193 N. C., 266, 136 S. E., 726, and cited cases. A motion "to strike all testimony of plaintiff" entered at the conclusion of his testimony in chief is not sufficient to raise the question sought to be presented.

Likewise, there was no exception to the introduction of the photograph used to illustrate the testimony of the witness concerning the damage done to the Steelman car. Exception was interposed for the first time when the witness undertook to use the photograph to explain what he had said. *S. v. Gardner, ante,* p. 567, and cases cited.

As the photograph was used only to explain and illustrate the testimony concerning damage to the car and not to depict the scene of the accident, it was not rendered incompetent by reason of the fact the automobile had been moved from the scene at the time the photograph was taken. Furthermore, the same evidence was offered later without objection.

The court, in reviewing the evidence offered by the respective parties, is not required to give the jury a verbatim recital of the testimony. It must of necessity condense and summarize the essential features thereof in short-hand fashion. All that is required is a summation sufficiently comprehensive to present every substantial and essential feature of the case. When its statement of the evidence in condensed form does not correctly reflect the testimony of the witnesses in any particular respect, it is the duty of counsel to call attention thereto and request a correction.

There was testimony concerning the use of a cast on Steelman while he was in the hospital. The doctors discussed putting him in a cast and "they came to my room and wanted to put me in one but I asked them not to. They said if I observed orders they would not." As to the manner of operation of the taxi, Parsons testified, "When the taxi began to come into the curve he was coming too fast when he started to make the curve he couldn't make it, the car kept veering over toward us." Exceptions to excerpts from the court's review of this and other testimony offered point out inaccurate statements of facts in evidence rather than statements of fact not shown in evidence. Hence *Smith v. Hosiery Mill,* 212 N. C., 661, 194 S. E., 83; *S. v. Wyont,* 218 N. C., 505, 11

S. E. (2d), 473; *Curlee v. Scales,* 223 N. C., 788, 28 S. E. (2d), 576, and like cases are not in point. Instead they fall within the line of decisions represented by *Sorrells v. Decker,* 212 N. C., 251, 193 S. E., 14; *Ellis v. Wellons,* 224 N. C., 269, 29 S. E. (2d), 884; and *S. v. Edwards, ante,* 153. As the Court's attention was not called thereto and exception not entered in apt time, they are not now tenable.

At the time of the occurrence which is the subject matter of this controversy G. S. 20-141 was in full force and effect. Hence, evidence of speed greater than was reasonable and prudent under the conditions then existing and, in any event, in excess of 45 miles per hour, was evidence of negligence. *Kolman v. Silbert,* 219 N. C., 134, 12 S. E. (2d), 915; *Hoke v. Greyhound Corp.,* 226 N. C., 692, 40 S. E. (2d), 345. For present law see Ch. 1067, sec. 17, Session Laws 1947.

The court's charge, considered contextually, discloses that it adequately and clearly defined proximate cause and the degree of care required of a motorist in the operation of his vehicle. Exceptions to excerpts therefrom cannot be sustained.

Other exceptions relied on by appellants have been carefully considered. They present no new or novel question of law and are not of sufficient merit to require discussion.

No harmful or prejudicial error in the trial below is made to appear. Hence the judgments entered must be affirmed.

No error.