E. L. LOWIE & COMPANY v. R. T. ATKINS, Trading as ATKINS OIL
COMPANY.

(Filed 28 November, 1956.)

**1. Appeal and Error § 19—**

Assignments of error may not be filed initially in the Supreme Court
but must be filed in the trial court and certified with the case on appeal,
G.S. 1-282, and assignments not so supported by the record will not be
considered. Rule of Practice in the Supreme Court No. 19(3).

**2. Same—**

An assignment of error must disclose the question sought to be presented
without the necessity of going beyond the assignment itself. Rule of Prac-
tice in the Supreme Court No. 21.

**3. Appeal and Error § 21—**

An appeal is itself an exception to the judgment, presenting the question
whether error of law appears upon the face of the record.

**4. Same—**

An exception to the judgment must fail if the record proper fails to
disclose error, and where the judgment is supported by the verdict, errors
in matters of law do not appear upon the face of the record.

Johnson, J., not sitting.

Appeal by defendant from *Bickett, J.,* at April 1956 Term, of
Johnston.

Civil action to recover on contract for merchandise sold and deliv-
ered.

Defendant in answer filed denied indebtedness, and set up further
defense which upon motion was stricken. And upon trial in Superior
Court both plaintiff and defendant offered evidence,—defendant taking
exception to denial of motions for nonsuit. Two issues were submitted
to the jury, and were answered as here indicated: "(1) Did the plain-
tiff and defendant enter into a contract, as alleged in the complaint?
Answer: Yes. (2) In what sum, if any, is the defendant indebted to
the plaintiff? Answer: $1723.36."

Thereupon and in accordance therewith judgment was signed and
entered, to which defendant excepted, and appeals to Supreme Court,
and assigns error.

*Wood & Spence for Plaintiff Appellee.*
*Lyon & Lyon for Defendant Appellant.*

Winborne, C. J. At the outset, while defendant entered exceptions
Numbers 12 and 37, respectively, to the action of the trial court in

denying his motions for judgment as of nonsuit made first when plaintiff rested its case, and renewed at the close of all the evidence, there is no assignment of error based on these exceptions. Hence they will be deemed to be abandoned. Rule 19(3) of Rules of Practice in Supreme Court, 221 N.C. 544, at 554.

In this connection it is noted that appellant debates in his brief these two exceptions. Suffice it to say, as declared in *S. v. Dew,* 240 N.C. 595, 83 S.E. 2d 482, assignments of error may not be filed, in the first instance, in this Court. They must be filed in the trial court and certified with the case on appeal. G.S. 1-282. Therefore these exceptions here present no question for this Court to consider and decide.

Moreover, there appear in the record of case on appeal approximately forty-one other exceptions, referred to mainly by number, grouped under heading "ASSIGNMENTS OF ERROR," none of which is sufficient in form to present the error relied upon without the necessity of going beyond the assignment itself to learn what the question is, as is required by Rule 21 of the Rules of Practice in Supreme Court. See *Steelman v. Benfield,* 228 N.C. 651, 46 S.E. 2d 829, and cases cited. See also *Tillis v. Cotton Mills,* 244 N.C. 587; *Armstrong v. Howard,* 244 N.C. 598. Again it may be noted in respect to these exceptions that assignments of error may not be filed, in the first instance, in this Court. *S. v. Dew, supra.*

But Exception 44 purports to be directed to the entry of the judgment. And an exception to the judgment rendered raises the question as to whether error in law appears upon the face of the record. Indeed the appeal to the Supreme Court is itself an exception to the judgment, or to any other matter of law appearing upon the face of the record. See *Lea v. Bridgeman,* 228 N.C. 565, 46 S.E. 2d 555; *Culbreth v. Britt,* 231 N.C. 76, 56 S.E. 2d 15, and cases cited; also *Gibson v. Ins. Co.,* 232 N.C. 712, 62 S.E. 2d 320; *Duke v. Campbell,* 233 N.C. 262, 63 S.E. 2d 555; *In Re Blalock,* 233 N.C. 493, 64 S.E. 2d 848; *S. v. Sloan,* 238 N.C. 672, 78 S.E. 2d 738; *Barnette v. Woody,* 242 N.C. 424, 88 S.E. 2d 223; *Cannon v. Wilmington,* 242 N.C. 711, 89 S.E. 2d 595.

In *Lea v. Bridgeman, supra,* opinion by *Ervin, J.,* it is said: "The exceptions to the judgment present only the question as to whether error appears upon the face of the record, and the exceptions must fail if the judgment is supported by the record," citing cases.

The record, in the sense here used, refers to the essential parts of the record, such as the pleadings, verdict and judgment. See *Thornton v. Brady,* 100 N.C. 38, 5 S.E. 910, and citations of it as shown in Shepard's North Carolina Citations. And a judgment, in its ordinary acceptation, is the conclusion of the law upon facts admitted or in some way established. *Gibson v. Ins. Co., supra.* Hence in the light of these principles, applied to the case in hand, manifestly the judgment is supported

by the verdict. And error in matters of law upon the face of the record are not made to appear.

For reasons stated there is in the judgment from which appeal is taken

No error.

JOHNSON, J., not sitting.