BERT DARDEN v. W. C. BONE AND BRYAN OIL COMPANY.

(Filed 3 May, 1961.)

**1. Appeal and Error § 19—**

An assignment of error to the denial of motion to nonsuit will not be considered when the record fails to show that defendant took exception to the ruling of the court, since an assignment of error must be supported by an exception duly noted. Rule of Practice in the Supreme Court 19 (3).

**2. Appeal and Error § 23—**

An assignment of error to the admission or exclusion of evidence must set forth so much of the testimony or record as to enable the Court to understand what questions are sought to be presented without a voyage of discovery through the record. Rule of Practice in the Supreme Court 19 (3).

**3. Appeal and Error § 24—**

An assignment of error to the charge must point out specifically the asserted error so that the question sought to be presented can be ascertained without the necessity of going beyond the assignment itself.

**4. Appeal and Error § 44—**

Appellant may not object that the court prejudiced his case by allowing another party to remain in the action when appellant himself had agreed to the consolidation of the action against such additional party.

**5. Automobiles § 41a—**

Where the conflicting evidence is such that reasonable men may draw different conclusions as to the existence of actionable negligence, the issue must be submitted to the jury.

**6. Automobiles § 54f—**

Where an additional defendant, joined upon the original defendant's cross-action, is not served with summons until more than two years after the accident in suit, the original defendant is not entitled to the presumption created by G.S. 20-71.1, and when there is no evidence that the driver was operating the vehicle of the additional defendant in the course of his employment as an agent or employee of the additional defendant, nonsuit of the cross-action based upon the doctrine of *respondeat superior* is proper.

APPEAL by defendant W. C. Bone from *Hooks, S.J.,* at December 1960 Term of WAYNE.

Civil action to recover for personal injuries resulting from a collision between a vehicle owned by Bryan Oil Company, driven by John Ashley Johnson, and upon which the plaintiff Bert Darden was riding, and a vehicle owned by the defendant, W. C. Bone, which was driven by Charlie Weston (Westers) King.

The case on appeal discloses these uncontroverted facts:

On the 5th day of October, 1957, at about 4:30 P.M., the plaintiff Bert Darden was a passenger in a 1947 Willys Jeep automobile, owned by Bryan Oil Company and operated by John Ashley Johnson. They were proceeding in a westwardly direction on Golf Course Road which intersected South John Street extension, forming a "T" intersection. On the Golf Course Road there is a STOP sign facing traffic approaching the intersection. At approximately the same time the defendant's driver, Charlie Weston (Westers) King, was proceeding southwardly on South John Street extension toward said "T" intersection in a loaded lime-spreader truck.

The Willys Jeep automobile entered into the intersection, turned left to proceed southwardly on South John Street extension. At a point about 59 feet from the intersection, the truck, owned by the defendant and operated by Charlie Weston King, collided with the Willys Jeep automobile. Both vehicles traveled something over 100 feet before coming to rest off the highway. As a result of the collision, John Ashley Johnson was killed and the plaintiff, Bert Darden, received personal injuries.

The plaintiff instituted this action against the defendant, W. C. Bone, who answered and set up a cross-action against Bryan Oil Company pursuant to G.S. 1-240. Thereupon, the court ordered that Bryan Oil Company be made a party defendant.

The cross-action against Bryan Oil Company was nonsuited at the close of all the evidence and the case was submitted to the jury under the charge of the court on these two issues, which the jury answered as indicated:

"1. Was the plaintiff, Bert Darden, injured by the negligence of the defendant, his agent and servant, as alleged in the complaint? Answer: Yes.

"2. What damages, if any, is the plaintiff entitled to recover? Answer: $10,000.00."

To the entry of judgment in accordance therewith, the defendant, W. C. Bone, excepts and appeals to the Supreme Court, and assigns error.

*Albion Dunn, J. Faison Thomson, Jr., Scott B. Berkeley for plaintiff appellee.*

*Braswell & Strickland, James & Speight, W. H. Watson for W. C. Bone, defendant appellant.*

*Taylor, Allen & Warren for Bryan Oil Company, defendant appellee.*

WINBORNE, C.J.    Careful consideration of the nineteen groupings

DARDEN *v.* BONE.

of assignments of error and purported assignments of error set out in the instant case on appeal fails to reveal error for which the judgment of Superior Court should be disturbed. Those properly presented will be expressly considered.

Assignment of Error No. 4 relates to denial by the court of motion of defendant for judgment as of nonsuit at the close of the plaintiff's evidence. In this connection the record and case on appeal fail to show that an exception was taken to the ruling of the court.

"Exceptions which appear nowhere in the record except under the assignments of error are ineffectual, since an assignment of error must be supported by exception duly noted." *Barnette v. Woody,* 242 N.C. 424, 88 S.E. 2d 223. Indeed, defendant waived such motion when he put on his evidence. G.S. 1-183. *Nichols v. McFarland,* 249 N.C. 125, 105 S.E. 2d 294.

Assignments of error Nos. 1, 2, 3, and 6 relate to the court's admission and exclusion of certain testimony. These assignments of error are not sufficiently definite to enable the Court to understand what questions are sought to be presented, without a voyage of discovery through the record. See Rules of Practice in the Supreme Court, 221 N.C. 544; *Steelman v. Benfield,* 228 N.C. 651, 46 S.E. 2d 829; *Nichols v. McFarland, supra.*

As stated by *Hoke, J.,* in *Thompson v. RR,* 147 N.C. 412, 61 S.E. 286: "If the exception be to a ruling of the Court on a question of evidence, the testimony should be to (so?) set out that its relevancy can be seen. And if the exception is to some other ruling of the court or some other matter occurring at the trial, the ruling itself or the attendant facts and circumstances should be so stated that its bearing on the controversy could be perceived to some extent in reading the assignment itself."

Assignments of Error 9, 10, 11, 12, 13, 14, 15 and 16 relate to the court's charge and are insufficient in that they do not present the error relied upon without the necessity of going beyond the assignment itself to learn what the question is and the particular portion of the charge to which the defendant objects is not specifically pointed out. "The assignment must particularize and point out specifically wherein the court failed to charge the law arising on the evidence." *S. v. Dilliard,* 223 N.C. 446, 27 S.E. 2d 85. *Lowie & Co. v. Atkins,* 245 N.C. 98, 95 S.E. 2d 271.

It is clear that the Rules of the Court have not been complied with in the assignments of error as hereinabove enumerated. Rule 21 requires an appellant to state briefly and clearly his exceptions. Rule 19 (3) requires that the exceptions taken be grouped and the error complained of concisely but definitely set out as a part of the assign-

ment. "The Court will not consider assignments not based on specific exceptions and which do not comply with its rules." *Travis v. Johnston,* 244 N.C. 713, 95 S.E. 2d 94. What the Court requires is that exceptions which are presented to the Court for decision shall be stated clearly and intelligibly by the assignment of error, and not by referring to the record, and therewith there shall be set out so much of the evidence or other matter of circumstance as shall be necessary to present clearly the matter to be debated. In this way the scope of inquiry is narrowed to the identical points which the appellant thinks are material and essential, and the Court is not sent scurrying through the entire record to find the matters complained of.

Therefore, the failure of the defendant to comply with the Rules of Practice limits consideration of assignments of error to Nos. 5, 7, 8, 17, 18, and 19. Of these assignments of error, Nos. 5, 8, 17, 18, and 19, are concerned with the *Darden-Bone* case, and will be considered first. Defendant's assignment of error No. 5, in substance, is to the effect that the court prejudiced his cause by allowing the Administratrix of the Johnson estate to continue in the trial. In this connection, it must be noted that that defendant agreed to the consolidation of the cases for trial and it is now too late to complain. Indeed, the defendant won the *Johnson* case. Therefore, prejudicial error is not here made to appear.

Assignment of error No. 8 relates to the refusal of the court to nonsuit the plaintiff at the end of all the evidence. Upon a thorough reading of the record the conclusion is that the court did not commit error in this respect. There is sufficient evidence from which the jury could find that Charlie Weston King, the defendant's agent, was operating the truck in a negligent manner under the conditions existing at that time. True, the evidence is conflicting in many respects. For example, the plaintiff contends that the Willys Jeep in which he was riding came to a stop at the intersection, and then proceeded into the intersection, while the defendant Bone contends that the Willys Jeep did not stop. However, we cannot say as a matter of law that the evidence was insufficient to go to the jury. "If reasonable men draw different conclusions from the evidence, the issue must be submitted to the jury." *Newbern v. Leary,* 215 N.C. 134, 1 S.E. 2d 384.

For reasons stated in connection with assignments of error Nos. 5 and 8, assignments of error Nos. 17 and 18 (motions to set aside the verdict), and 19 (signing and entering the judgment), are untenable.

Assignment of error No. 7 pertains to the court's action in nonsuiting the defendant Bone's cross-action against Bryan Oil Company at the conclusion of his evidence. The question to be decided is whether or not the defendant can invoke G.S. 20-71.1 so as to make out a *prima*

*facie* case of agency between John Ashley Johnson and Bryan Oil Company. There is not any evidence in the record that Johnson was operating the vehicle in the course of his employment as an agent or employee of Bryan Oil Company at the time of the collision. Bryan Oil Company does admit, however, that it owned the Willys Jeep. In short, unless the defendant is able to bring his case within the provisions of G.S. 20-71.1 his action must fail.

The application of G.S. 20-71.1 is expressly limited to actions commenced within one year after the cause of action accrues. Otherwise it is not applicable. *Aiken v. Sanderford,* 236 N.C. 760, 73 S.E. 2d 911; *Floyd v. Dickey,* 245 N.C. 589, 96 S.E. 2d 731.

The record in this case shows that the collision occurred on 5 October, 1957. The plaintiff instituted this action on 8 April, 1958, and not until 30 August 1959, did the defendant obtain an order making Bryan Oil Company an additional party defendant. Summons was served on Bryan Oil Company on 31 August 1959. This is some two years after the date the cause of action accrued. Applying the law, G.S. 20-71.1, to the facts in this case, we are constrained to hold that the defendant was too late with his cross-action to be entitled to the benefit of the *prima facie* presumption of agency.

For reasons stated, in the judgment below there is

No error.