BERNARD BALINT v. ELBERT M. GRAYSON
AND
HELEN BALINT v. ELBERT M. GRAYSON.

(Filed 7 March, 1962.)

**1. Appeal and Error § 19—**

Such of appellant's exceptions as he desires to preserve and present for review must be grouped in the assignments of error and the assignments must refer to the exceptions upon which they are based and disclose the question sought to be presented without the necessity of going beyond the assignments themselves, Rules of Practice in the Supreme Court Nos. 19(3), 21, and failure to comply with the Rules does not present the exceptions for review, the Rules being mandatory.

**2. Appeal and Error § 21—**

While an appeal is in itself an exception to the judgment and presents the record for review, this rule refers to the record proper and includes only its essential parts, such as the pleadings, verdict, and judgment.

WINBORNE, C.J., not sitting.

APPEAL by defendant from *Hooks, S.J.,* October 1961 Civil Term of ONSLOW.

These are civil actions for recovery of damages allegedly caused by the actionable negligence of defendant.

About 9:00 P.M. on 23 April 1956 plaintiffs, husband and wife, were riding in an automobile owned and being operated by the latter. They were travelling southwardly on U. S. Highway 17 in Onslow County. Defendant entered the highway from the Oasis Drive-in lot which is located on the west side of the highway. His automobile collided with the car in which plaintiffs were riding. Plaintiffs suffered personal injuries, and *feme* plaintiff's automobile was damaged. Plaintiffs instituted separate actions. By agreement of the parties the two cases were consolidated for trial.

At the trial defendant stipulated that plaintiffs were injured and damaged by his negligence as alleged. The only matter in controversy was the amount of plaintiffs' damages.

The jury awarded damages — $10,000 to male plaintiff, $3500 to *feme* plaintiff. Judgments were entered accordingly.

Defendant appeals.

*Ellis, Godwin & Hooper for plaintiffs.*
*Joseph C. Olschner for defendant.*

PER CURIAM. Defendant makes seven assignments of error. They do not conform to the rules of this Court.

The following two assignments are typical:

BALINT *v.* GRAYSON.

"ASSIGNMENT #1: The Court erred in allowing plaintiff's counsel to ask leading questions."

"ASSIGNMENT #3: The Court erred in allowing plaintiffs to erroneously prove damages to the car."

It will be noted that the exceptions relied upon are not grouped in the assignments of error, and the assignments do not refer to the exceptions upon which they are based.

"While the form of the assignments of error must depend largely upon the circumstances of each case, they should clearly present the error relied upon without the necessity of going beyond the assignment itself to learn what the question is. The assignment of error should indicate the page of the record where the exception is to be found." 1 Strong: N. C. Index, Appeal and Error, s. 19, p. 90.

"The function of the assignment of errors is to group and bring forward such of the exceptions previously noted as the appellant desires to preserve and present to the Court. . . ." *ibid.*

Where appellant's exceptions are not grouped as required by the Rules of Practice in the Supreme Court, Rules 19(3) and 21, 254 N.C. 797, 803, they may not be considered. *Ellis v. R. R.*, 241 N.C. 747, 86 S.E. 2d 406. The rules of practice in this Court are mandatory. *Pamlico County v. Davis*, 249 N.C. 648, 107 S.E. 2d 306. An exception which is not assigned as error is deemed abandoned. *Rose v. Bank*, 217 N.C. 600, 9 S.E. 2d 2. An assignment of error must disclose the question sought to be presented without the necessity of going beyond the assignment itself. *Lowie & Co. v. Atkins*, 245 N.C. 98, 95 S.E. 2d 271.

An appeal to the Supreme Court is itself an exception to the judgment or to any other matter of law appearing on the face of the record. The record, in the sense here used, refers to the essential parts of the record, such as the pleadings, verdict and judgment. *Lowie & Co. v. Atkins, supra.*

In the instant case the verdict supports the judgment.

No error.

WINBORNE, C.J., not sitting.