JIM WALTER CORPORATION v. NATHANIEL GILLIAM, JR.
& WIFE, BERTHA GILLIAM, AND CARRIE T. GILLIAM.

(Filed 18 September 1963.)

**1. Appeal and Error § 11—**

Appellant is required to have the appeal entered by the clerk on the judgment docket and notice of appeal given the adverse party within ten days from the entry of the judgment, G.S. 1-280, G.S. 1-279, and when the statutory requirements are not complied with, the Supreme Court obtains no jurisdiction of the purported appeal.

**2. Appeal and Error § 29—**

In those instances requiring a case on appeal the appellant must serve statement of case on appeal on appellee or its attorney, and if the parties do not agree, the case must be settled by the court, G.S. 1-283, while if the appeal is on the record proper, it must be certified to the Supreme Court by the clerk of the Superior Court, G.S. 1-284.

**3. Appeal and Error § 19—**

Exceptions must be grouped under the assignments of error. Rules of Practice in the Supreme Court Nos. 19(3) and 21.

**4. Appeal and Error § 38—**

The brief must contain a clear and concise statement of the questions involved on appeal. Rule of Practice in the Supreme Court No. 27½, and a succinct statement of the facts, Rule of Practice in the Supreme Court No. 28.

**5. Appeal and Error § 19—**

The Rules governing appeals are mandatory.

**6. Appeal and Error § 12—**

The trial court may dismiss the appeal upon failure of appellant to file the stay bond ordered as a condition precedent to the appeal, G.S. 1-289, or when appellant fails to serve statement of the case on appeal within the time specified.

APPEAL by defendant, Carrie T. Gilliam, from *Bundy, J.,* at Chambers July 13, 1963, in PAMLICO.

This is an action by plaintiff upon a contract for cost of labor and materials incurred in the construction of a house for defendants on the land of one of them, Carrie T. Gilliam, and to enforce a mechanic's and materialman's lien.

The lien was filed on 14 March 1961. This action was instituted on 13 September 1961. Defendants employed counsel, and there were negotiations looking to an out-of-court settlement. On 15 May 1962 Carrie T. Gilliam (hereinafter the defendant) advised her counsel and plaintiff's attorney that she was not interested in settling the

case and that she would possibly employ other counsel. Plaintiff's attorney in a letter of that date advised her and her attorney that if no answer was filed on or before 31 May 1962 plaintiff would move for default judgment. No answer was filed. The clerk of superior court entered a judgment by default final on 1 June 1962 and issued execution. Thereafter defendant employed other counsel (the counsel of record on this appeal) and moved to set aside the judgment on the ground of excusable neglect. A temporary restraining order stayed execution sale. The motion to set aside the judgment was heard before Bundy, J., on 18 January 1963. The judge found as a fact that defendant had offered no affidavits or other evidence in support of her allegations of excusable neglect and meritorious defense, overruled the motion and dismissed the temporary restraining order. Defendant gave notice of appeal and moved for stay of execution. An order was entered staying execution pending appeal, on condition defendant furnish within 20 days a stay bond in a specified amount (G.S. 1-289). On motion of plaintiff (served on defendant's attorney 5 June 1963), Judge Bundy on 13 July 1963 dismissed the appeal for failure of defendant to give the bond (G.S. 1-289), and for failure of defendant to serve case on appeal within the time (60 days) specified. Thereafter on 27 July 1963, defendant had the judge sign appeal entries to be attached to the order of dismissal. By order of the judge defendant was allowed to appeal *in forma pauperis.*

*Kennedy W. Ward for plaintiff appellee.*
*Charles L. Abernethy, Jr., for defendant appellant.*

PER CURIAM. The purported record filed in this Court shows an utter disregard for the statutes, rules and procedures governing appeals.

The motion to dismiss defendant's appeal from the judgment of Bundy, J., dated 18 January 1963, was heard in superior court after notice served on defendant's counsel. The motion was heard 13 July 1963 and it must be assumed that defendant and her counsel were present and had notice of the adverse nature of the order entered by the judge on that date. If defendant desired to appeal therefrom, it was required that notice of appeal be given within 10 days from the entry of the judgment. G.S. 1-279. Within the 10 days defendant was required to have the appeal entered by the clerk on the judgment docket, and to give the adverse party notice thereof. G.S. 1-280. Defendant did not comply with these statutory requirements. The only attempt to give notice was to have the judge, 14 days after

entry of the order, sign appeal entries on a paper separate from the order. So far as the purported record discloses, no notice as contemplated by the statute was ever given to the adverse party, and no appeal was ever entered on the judgment docket.

When G.S. 1-279 and G.S. 1-280 are not complied with, the Supreme Court obtains no jurisdiction of a purported appeal and must dismiss it. *Aycock v. Richardson*, 247 N.C. 233, 100 S.E. 2d 379.

No case on appeal was ever settled by the judge or agreement of counsel, as ordinarily required. G.S. 1-283. Indeed, it does not appear that any case on appeal was ever served on plaintiff or its attorney. G.S. 1-282. If defendant is appealing on the record proper, making the service and settlement of case on appeal unnecessary, the record proper is not certified to this Court by the clerk of superior court in accordance with G.S. 1-284.

The purported record contains no grouping of exceptions and assignments of error as required by our rules. Rules 19(3) and 21 of the Rules of Practice in the Supreme Court, 254 N.C. 785-824. In her brief defendant failed to set out in clear, concise language the question or questions involved on appeal. *ibid.*, Rule 27½. The brief does not set forth a succinct statement of facts. *ibid.*, Rule 28. The record and brief are faulty in other respects.

We have time and time again called attention to the rules of practice in this Court. They are mandatory. *Balint v. Grayson*, 256 N.C. 490, 124 S.E. 2d 364; 1 Strong: N.C. Index, Appeal and Error, s. 19, p. 89 (Supplement, p. 30), and the many cases cited. The appeal must be dismissed.

Moreover, the purported record shows clearly that the court below did not err in dismissing defendant's appeal from the judgment of 18 January 1963.

Affirmed.