ROBERT WILLIAM SAMUEL v. NICK EVANS.
AND
JOHN C. COOPER v. NICK EVANS, ORIGINAL DEFENDANT AND ROBERT WILLIAM SAMUEL, ADDITIONAL DEFENDANT.

(Filed 5 May, 1965.)

**1. Automobiles § 41g—**

Testimony of the driver on a dominant highway that he entered an intersection at 40 miles per hour after seeing the driver on a servient highway stop before the intersection, and that he traveled 100 feet without again observing the car stopped at the intersection, *is held* sufficient to be submitted to the jury on the issue of the negligence of the driver along the dominant highway in an action to recover for injuries resulting from a collision of the cars in the intersection.

**2. Appeal and Error § 24—**

It is not sufficient that an assignment of error to the charge refer merely to the exception number and the page number of the record where the exception appears, but it is required by mandatory rule of practice which must be observed to present the matter on appeal that the assignment of error set forth the portion of the charge to which the exception relates.

APPEAL by plaintiffs from *Brock, S. J.*, September 21, 1964 Civil Session of GUILFORD (High Point Division).

These two actions arise from an automobile collision which occurred during a light rain in High Point about 3:00 p.m. on February 26, 1963. Westchester Drive, the dominant highway, intersects Country Club

Drive at right angles in a 55 M.P.H. zone. South of the intersection Westchester Drive contains three lanes, the easternmost lane being for northbound traffic. Plaintiff Cooper was a passenger in plaintiff Samuel's Valiant automobile, which Samuel was operating in a northerly direction on Westchester Drive. Defendant Evans was operating his Chevrolet automobile in an easterly direction on Country Club Drive. The two vehicles collided in the intersection in the lane for northbound traffic on Westchester. Plaintiff Samuel brought his action for personal injuries and property damage in the Municipal Court of High Point, where he obtained a judgment. Defendant Evans appealed therefrom to the Superior Court. Plaintiff Cooper brought his action for damages for personal injuries in the Superior Court, where both cases were consolidated for trial. In Cooper's case defendant Evans had plaintiff Samuel made an additional defendant for contribution under G.S. 1-240.

Plaintiffs' evidence tended to establish these facts: Samuel approached and entered the intersection at 40 M.P.H. When he was approximately 200 feet from the intersection, he had observed the Evans automobile stopped on West Country Club Drive and assumed Evans would remain there until he had passed through. The next time Samuel observed Evans, Samuel was 100 feet from the intersection and Evans was in the intersection coming across the westernmost lane in Westchester. Samuel applied his brakes and slid 62 feet before the front of his vehicle struck the rear door of the Evans car. In the collision both plaintiffs sustained personal injuries, and Samuel's car was damaged. The investigating officer charged Evans with failing to yield the right of way, and Evans pled guilty to the charge in the Municipal Court. At the scene, he said the accident was his fault.

Defendant's evidence tended to show: He pled guilty to the charge of failing to yield the right of way because he did not have a lawyer and "didn't know no better." Immediately before the accident he had stopped his vehicle 5 feet from the line of Westchester, had looked in both directions, had seen no traffic approaching, and had entered the intersection. His sister-in-law, also, had looked and had seen nothing. He was in the westernmost lane of Westchester, traveling at 3 MPH when she "hollered, 'Lookout'." He stepped down on the gas, and the engine and front wheels of his car had cleared the intersection when the Samuel car hit his back wheel. Evans never saw the Samuel car before the impact.

The court submitted six issues to the jury. The first three related, respectively, to negligence, contributory negligence, and damages in the Samuel case; the fourth and fifth issues, to negligence and damages in the Cooper case; the sixth issue, to the concurring negligence of Samuel in Cooper's case. The jury answered only the first and the fourth issues,

finding that neither Samuel nor Cooper was injured by the negligence of Evans. From a judgment that he recover nothing each plaintiff appeals.

*Boyan & Wilson for Robert William Samuel, plaintiff appellant.*

*Morgan, Byerly, Post & Keziah for John C. Cooper, plaintiff appellant..*

*Haworth, Riggs, Kuhn and Haworth for Nick Evans, defendant appellee.*

PER CURIAM. Both plaintiffs assign as error the denial of plaintiff Samuel's motion to dismiss original defendant Evan's cross action for contribution against him as additional defendant. The ruling of the court/ was obviously correct. Samuel's testimony that he approached and entered the intersection at 40 MPH and that, after seeing Evans stopped at the intersection, he traveled 100 feet without again observing the Evans car tended to establish, on the part of Samuel, concurring negligence which was a proximate cause of the collision. The materiality of this challenged ruling, however, is not apparent, since the jury's answer to the fourth issue exonerated defendant Evans of liability.

Plaintiffs took seven exceptions to his Honor's charge. Only one, however, is assigned as error in compliance with Rule 21 of the Rules of Practice in the Supreme Court. When an exception relates to the charge, that portion to which the exception is taken must be set out in the particular assignment of error. A mere reference to the exception number and the page number of the record where the exception appears — plaintiffs' procedure here — will not present the alleged error for review. *Pratt v. Bishop,* 257 N.C. 486, 499, 126 S.E. 2d 597, 607; *Darden v. Bone,* 254 N.C. 599, 601, 119 S.E. 2d 634, 636; *Lowie & Co. v. Atkins,* 245 N.C. 98, 95 S.E. 2d 271. The requirements of the rules and the reasons therefor have been so often reiterated that the recurring necessity for restatement baffles our understanding. We refer counsel specifically to *State v. Dishman,* 249 N.C. 759, 761, 107 S.E. 2d 750, 751; *accord, State v. Wilson,* 263 N.C. 533, 139 S.E. 2d 736.

In view of the outcome of this case we have examined each exception taken, and we have found each to be without merit. During the course of this examination, however, we have noted that throughout the charge the judge treated the right of plaintiff Cooper to recover from defendant Evans as being synonymous with the right of plaintiff Samuel. The jury was not instructed that, if negligence on the part of both Samuel and Evans concurred in proximately causing the collision and injury to Cooper, he, a guest passenger, was not barred by his

driver's contributory negligence, but was entitled to recover from Evans, the joint tort-feasor whom he had elected to sue. *Caulder v. Gresham*, 224 N.C. 402, 30 S.E. 2d 312. But no exception challenges the omission of the court to charge on this aspect of the case. *Rigsbee v. Perkins*, 242 N.C. 502, 87 S.E. 2d 926, and the jury's verdict has established, in effect, that the negligence of Samuel was the sole proximate cause of the collision. The assignments of error point out no reversible error. The rules of practice in this Court are mandatory. *Walter Corporation v. Gilliam*, 260 N.C. 211, 213, 132 S.E. 2d 313, 315.

No error.