LOTTIE H. LEWIS v. BONNIE L. PARKER AND CARSON LEE HICKS.

(Filed 2 November, 1966.)

**1. Appeal and Error § 24—**

An assignment of error to the charge with a mere reference to the record page where the asserted error may be discovered is insufficient, it being required that the assignment of error show within itself the asserted error sought to be presented.

**2. Appeal and Error § 19—**

The rules of Court regarding the form and sufficiency of assignments of error are mandatory.

**3. Appeal and Error § 24—**

An assignment of error that the court failed to declare and explain the law applicable to the facts in the case, without pointing out what matters appellant contends were omitted, is a broadside exception.

**4. Appeal and Error § 19—**

An assignment of error to the court's denial of appellant's motion for a new trial for errors committed during the course of the trial is a broadside assignment of error.

**5. Appeal and Error § 21—**

An assignment of error to the signing and entry of judgment presents only the record proper for review, and the record proper does not include the evidence and charge of the court.

APPEAL by plaintiff from *Olive, E.J.,* July 1966 Civil Session of DAVIDSON.

Civil action to recover damages for personal injuries and damage to an automobile allegedly growing out of a collision between plaintiff's automobile, which she was operating, and a vehicle being neg-

ligently operated by the *feme* defendant, and owned by the male defendant, at the intersection of Sunrise Avenue and Randolph Street in the town of Thomasville.

The defendants filed a joint answer denying the essential allegations of negligence set forth in the complaint, and alleging contributory negligence on the part of plaintiff. Their answer further alleges that the *feme* defendant is the wife of the male defendant, that she is a minor, and that Robert B. Smith, Jr., has been appointed as her guardian *ad litem.*

The plaintiff and the defendants presented evidence. Issues of negligence, contributory negligence, and damages were submitted to the jury. The jury found as to the first issue that the plaintiff was not injured by reason of negligence of the defendants as alleged in the complaint.

From a judgment upon the verdict that plaintiff recover nothing from the defendants, she appeals.

*Herman L. Taylor for plaintiff appellant.*
*Walser, Brinkley, Walser & McGirt by Walter F. Brinkley for defendant appellees.*

PER CURIAM. Plaintiff's first assignment of error reads: "The Trial Court committed prejudicial and reversible error by charging the jury in the manner which is the subject of plaintiff's Exceptions Nos. 1, 2, 3, 4 and 5. (R pp 41-47)."

Rules 19 and 21, Rules of Practice in the Supreme Court, 254 N.C. 783, 795, 803, require that asserted error must be based on an appropriate exception, and must be properly assigned. We have repeatedly said that these rules require an assignment of error to show specifically what question is intended to be presented for consideration without the necessity of going beyond the assignment of error itself. A mere reference in the assignment of error to the record page where the asserted error may be discovered is not sufficient. *Samuel v. Evans,* 264 N.C. 393, 141 S.E. 2d 627; *Darden v. Bone,* 254 N.C. 599, 119 S.E. 2d 634; *Hunt v. Davis,* 248 N.C. 69, 102 S.E. 2d 405; *Lowie & Co. v. Atkins,* 245 N.C. 98, 95 S.E. 2d 271; *Steelman v. Benfield,* 228 N.C. 651, 46 S.E. 2d 829. The rules of practice in this Court are mandatory and will be enforced. *Walter Corp. v. Gilliam,* 260 N.C. 211, 132 S.E. 2d 313; *Balint v. Grayson,* 256 N.C. 490, 124 S.E. 2d 364; *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126. Plaintiff's first assignment of error is ineffectual to bring up for review by this Court any part of the charge.

Plaintiff's second assignment of error is that "the Trial Court committed prejudicial and reversible error by failing to declare and

explain to the jury the law in the case and its application to the facts in the case, in violation of G.S. 1-180, which is the subject of plaintiff's Exceptions Nos. 6 and 7. (R p 52)." This assignment of error to the charge does not point out any particular statements or omissions objected to and is ineffectual as a broadside exception. 1 Strong's N. C. Index, Appeal and Error, § 24.

"The requirements of the rules and the reasons therefor have been so often reiterated that the recurring necessity for restatement baffles our understanding." *Samuel v. Evans, supra.*

Plaintiff's assignment of error "to the Court's denial of her motion for a new trial, based upon errors committed by the Court during the course of the trial" is broadside and is overruled.

Plaintiff assigns as error the court's signing and entry of the judgment. This assignment of error presents for review the face of the record proper. The record, in the sense here used, refers to the essential parts of the record, such as the pleadings, verdict, and judgment, and does not refer to the evidence and the charge of the court. *Balint v. Grayson, supra; Lowie & Co. v. Atkins, supra; Thornton v. Brady,* 100 N.C. 38, 5 S.E. 910. No error of law appears on the face of the record proper, and the verdict supports the judgment.

No error.