IN THE MATTER OF THE WILL OF W. H. ADAMS, DECEASED.

(Filed 23 November, 1966.)

**1. Appeal and Error § 19—**

Assignments of error must be based on appropriate exceptions and must specifically show within the assignment of error itself the questions sought to be presented, and a mere reference in the assignment of error to the record page where the asserted error may be discovered is not sufficient.

**2. Same—**

Rules of Practice of the Supreme Court governing appeals are mandatory and will be enforced.

**3. Wills § 22—**

In this caveat proceeding, the charge of the court *is held* to have correctly placed the burden on caveator to show by the greater weight of the evidence that decedent did not have sufficient mental capacity to make a will.

**4. Appeal and Error § 21—**

An assignment of error to the signing and entry of judgment presents for review only the face of the record proper, which does not include the evidence and the charge of the court.

APPEAL by propounders from *Bailey, J.,* February 1966 Civil Session of HARNETT.

Issue of *devisavit vel non,* raised by a caveat to a paperwriting propounded as the last will and testament of W. H. Adams, deceased, based upon alleged mental incapacity and undue influence.

Propounders and caveators offered evidence. The following issues were submitted to the jury and answered as indicated:

"1. Was the paperwriting propounded dated the 12th day of June, 1962, executed by W. H. Adams according to the formalities of the law required to make a valid last will and testament?

"Answer: YES.

"2. At the time of signing and executing said paperwriting did the said W. H. Adams have sufficient mental capacity to make a valid last will and testament?

"Answer: No.

"3. Was the execution of the paperwriting propounded in this cause procured by undue influence as alleged?

"Answer: No.

"4. Is the said paperwriting referred to in Issue No. 1 propounded in this cause, and every part thereof, the last will and testament of W. H. Adams, deceased?

"Answer:  No."

From a judgment ordering and decreeing that the paperwriting dated 12 June 1962, propounded in this case as the last will and testament of W. H. Adams, deceased, is not the last will and testament of W. H. Adams, deceased, and that said paperwriting is void and of no effect, propounders appeal.

*McLeod and McLeod and D. K. Stewart by Max E. McLeod for propounders, appellants.*

*Robert C. Bryan; Bryan and Bryan; Morgan, Williams and Jones; James A. Howard; and Raymond C. Dunn for caveators, appellees.*

Per Curiam. Propounders' first assignment of error reads:

"1. The court allowing evidence of mental capacity and charge relating thereto.

"Exceptions No. 2 (R p 40); No. 3 (R p 41); No. 4 (R p 44); No. 5 (R p 47); No. 19 (R p 79); No. 23 (R p 94); No. 25 (R p 104); No. 26 and No. 27 (R p 106)."

Propounders' second assignment of error reads:

"2. The court's admission of evidence relating to purported previous paperwritings of testator and the charge thereon.

"Exceptions No. 1 (R p 32); No. 6 and No. 7 (R p 51); No. 8 (R p 54); No. 9 and No. 10 (R p 55); No. 11, No. 12, No. 13 (R p 57); No. 17 (R p 72); No. 18 (R p 75); No. 21 (R p 85); No. 23 (R p 94); No. 24 (R p 95); No. 29 (R p 112); No. 30 (R p 114)."

These two assignments of error are typical of propounders' third and fourth assignments of error, in that none of these four assignments of error show specifically what question is intended to be presented for consideration by this Court without the necessity of going beyond the assignment of error itself.

Rules 19 and 20, Rules of Practice in the Supreme Court, 254 N.C. 783, 795, 803, require that asserted error must be based on an appropriate exception, and must be properly assigned. We have repeatedly said that these rules require an assignment of error to show specifically what question is intended to be presented for consideration without the necessity of going beyond the assignment of error itself. A mere reference in the assignment of error to the record page where the asserted error may be discovered is not sufficient. *Samuel v. Evans,* 264 N.C. 393, 141 S.E. 2d 627; *Darden v. Bone,* 254 N.C. 599, 119 S.E. 2d 634; *Hunt v. Davis,* 248 N.C. 69, 102 S.E. 2d 405; *Lowie & Co. v. Atkins,* 245 N.C. 98, 95 S.E. 2d 271;

*Steelman v. Benfield,* 228 N.C. 651, 46 S.E. 2d 829. The rules of practice in this Court are mandatory and will be enforced. *Walter Corp. v. Gilliam,* 260 N.C. 211, 132 S.E. 2d 313; *Balint v. Grayson,* 256 N.C. 490, 124 S.E. 2d 364; *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126. Propounders' first four assignments of error are ineffectual to bring up for review by this Court any part of the trial judge's rulings as to the admission of evidence, and the charge thereon.

"The requirements of the rules and the reasons therefor have been so often reiterated that the recurring necessity for restatement baffles our understanding." *Samuel v. Evans, supra.*

Propounders' fifth assignment of error is to the denial of their request for peremptory instructions as to the issues. This assignment of error is without merit, and is overruled.

Propounders' sixth assignment of error reads:

"6. The court's failure to include Burden of Proof placed on caveators on issue of mental capacity.

"EXCEPTIONS No. 22 (R p 90); No. 27 (R p 106); No. 28 (R p 108)."

This assignment of error is overruled, for the reason that a reading of the charge in its entirety shows that the trial judge in his charge clearly placed upon the caveators the burden of proof of showing by the greater weight of the evidence that W. H. Adams did not have sufficient mental capacity to make a will on 12 June 1962.

Propounders' last assignments of error, Nos. 7 and 8, are formal, and are overruled.

Propounders assign as error the court's signing and entry of the judgment. This assignment of error presents for review the face of the record proper. The record, in the sense here used, refers to the essential parts of the record, such as the pleadings, verdict, and judgment, and does not refer to the evidence and the charge of the court. *Balint v. Grayson, supra; Lowie & Co. v. Atkins, supra; Thornton v. Brady,* 100 N.C. 38, 5 S.E. 910. No error of law appears on the face of the record proper, and the verdict supports the judgment.

No error.