STATE OF NORTH CAROLINA v. ELVIS PULLEY

No. 6910SC351

(Filed 2 July 1969)

1. **Constitutional Law § 32—　right to counsel — preliminary hearing**

Indigent defendant's constitutional rights were not violated in that counsel was not appointed to represent him until after the preliminary hearing at which he was bound over to superior court, counsel being appointed for defendant within eight days after his arrest and more than five months prior to his trial.

2. **Criminal Law § 176—　review of nonsuit — circumstantial evidence**

An appeal from the refusal of defendant's motion to nonsuit in a case

in which the State relies upon circumstantial evidence presents the question whether the record, considered in light most favorable to the State, discloses substantial evidence of all material elements constituting the offense for which accused was tried.

**3. Criminal Law § 106—— nonsuit — consideration of evidence — function of jury**

It is for the jury, and not for the court, to determine whether the evidence is such as to exclude every reasonable hypotheses except that of guilt.

**4. Criminal Law § 166—— the brief — abandonment of assignments**

Assignment of error is deemed abandoned where no reason or argument is stated or authority cited in support thereof in appellant's brief. Rule of Practice in the Court of Appeals No. 28.

**5. Criminal Law § 161—— requisites of assignment of error**

An assignment of error must be based on an appropriate exception and should show specifically what question is intended to be presented for consideration without the necessity of going beyond the assignment of error itself.

ON *Certiorari* from *Hobgood, J.,* 26 September 1968 Session of WAKE Superior Court.

On 10 April 1968 defendant was arrested on a warrant charging him with felonious breaking and entering and larceny. After preliminary hearing before a justice of the peace, he was bound over to superior court. On 18 April 1968, upon a finding of the defendant's indigency, the judge of superior court appointed counsel to represent him. Defendant was tried at the 26 September 1968 Session of Wake Superior Court upon a bill of indictment which charged him with felonious breaking and entering, larceny, and receiving. At the trial he was represented by his court-appointed counsel and pleaded not guilty. Upon close of the State's evidence, the court nonsuited the counts in the bill of indictment charging larceny and receiving. The jury found defendant guilty of felonious breaking and entering, and the court thereupon sentenced defendant as a youthful offender, under the provisions of G.S. 148-49.4, for a maximum term of eighteen months. Defendant gave notice of appeal to the Court of Appeals, but failed to perfect his appeal within the time prescribed by law. Defendant then filed a petition for certiorari to perfect a delayed appeal, which was allowed by the Court of Appeals on 28 March 1969.

*Attorney General Robert Morgan and Assistant Attorney General Millard R. Rich, Jr., for the State.*

*Malcolm B. Grandy for defendant appellant.*

PARKER, J.

**[1]** Defendant's first assignment, of error is that his constitutional rights were violated in that counsel was not appointed to represent him until after the preliminary hearing at which he was bound over to the superior court. This assignment of error is overruled. Counsel was appointed to represent defendant, an indigent, within eight days after his arrest and more than five months prior to his trial in superior court. Nothing in the record indicates that any right of the·defendant was in the slightest degree prejudiced by the fact that he did not have counsel during the first eight days following his arrest. Here, as in *Gasque v. State,* 271 N.C. 323, 156 S.E. 2d 740, "(t)here is nothing in the record before us to indicate that appellant was asked any question by the committing inferior judge or that he made any statement of any kind. whatsoever before the committing inferior judge. No evidence of the preliminary hearing was introduced at the trial in the Superior Court. No evidence of an admission or confession by the appellant was admitted at the trial in the Superior Court."

**[2, 3]** Appellant also assigns as error the overruling of his motion for nonsuit. In this case, the State relied upon circumstantial evidence. "An appeal from the refusal of defendant's motion to nonsuit in a case in which the state relies upon circumstantial evidence presents the question whether the record, considered in the light most favorable to the state, discloses substantial evidence of all material elements constituting the offense for which the accused was tried." 3 Strong, N.C. Index 2d, Criminal Law, § 176, p. 151. In the present case, considering the evidence in the light most favorable to the State, the record discloses substantial evidence of all material elements constituting the offense for which appellant was tried. It was for the jury, and not for the court, to determine whether the evidence was such as to exclude every reasonable hypotheses except that of guilt. *State v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431. There was no error in overruling appellant's motion for nonsuit.

**[4, 5]** Appellant's final assignment of error, addressed to the charge of the court to the jury, has been abandoned since no reason or argument is stated or authority cited in support thereof in appellant's brief. Rule 28, Rules of Practice in the Court of Appeals. In any event, the exception upon which this assignment of error purports to be based refers only to those pages in the record where the court's charge in its entirety appears. An assignment of error must be based on an appropriate exception and should show specifically what question is intended to be presented for consideration without

the necessity of going beyond the assignment of error itself. "A mere reference in the assignment of error to the record page where the error may be discovered is not sufficient." *Lewis v. Parker*, 268 N.C. 436, 150 S.E. 2d 729.

In the entire trial, we find

No error.

MALLARD, C.J., and BRITT, J., concur.