### W. REUBIN RUDD v. R. L. HOLMES.

(Filed 30 April, 1930.)

**Highways B b—Failure to submit question of whether intersection was obstructed within meaning of C. S., 2621 (46) held erroneous.**

The burden is upon the plaintiff to prove each of the elements necessary to constitute negligence, and where in an action to recover for an injury alleged to have been caused by the defendant's driving an automobile past an obstructed intersection at a speed in excess of fifteen miles per hour, C. S., 2621(46), and the defendant does not admit that the intersection was obstructed, but the testimony of one witness, if believed, would be sufficient to show that the defendant's view was obstructed: *Held,* an instruction which assumes the fact that the intersection was obstructed is reversible error, the question being for the determination of the jury from the evidence.

APPEAL by defendant from *McElroy, J.,* at January Term, 1930, of GUILFORD. New trial.

*H. R. Stanley for plaintiff.*
*John W. Hester and T. Glenn Henderson for defendant.*

ADAMS, J. This is an action for the recovery of damages for personal injury arising out of the collision of automobiles, alleged to have been caused by the negligence of defendant. The issues of negligence, contributory negligence, and damages were answered in favor of the plaintiff, and from the judgment the defendant appealed.

The defendant was driving his car on Highway No. 70, which runs north and south, and was going from Greensboro to Reidsville. Three miles and a half north of Greensboro the McKnight mill road intersects with the highway. It extends from the highway in a northeasterly di-

RUDD v. HOLMES.

rection.  There is a building on each side of the road at its junction
with the highway.  The plaintiff said that the Andrews store was ten or
fifteen feet east of the highway and south of the McKnight road, and
that the Lucas filling station was about two hundred and fifty feet down
the McKnight road.  One of his witnesses said that the Andrews store
was about forty feet from the highway, and that a man sitting in a car
thirty-five feet from the highway had an open view to the south of about
six hundred feet.  The defendant testified that as he approached the
intersection he was making about forty miles an hour and twenty miles
at the time of the collision.  The statute provides that the speed of a
car must be restricted to fifteen miles an hour when approaching within
fifty feet and in traversing an intersection of highways when the driver's
view is obstructed, and that a driver's view shall be deemed to be ob-
structed when at any one time during the last one hundred feet of his
approach to such intersection he does not have a clear and uninterrupted
view of such intersection and of the traffic upon all of the highways
entering such intersection for a distance of two hundred feet from such
intersection.  C. S., 2621(46).

His Honor gave the jury this instruction:

"Now, gentlemen of the jury, the court charges you that if the de-
fendant in this case approached the intersecting highway there, and
within fifty feet of the intersecting highway was operating his car at a
greater rate of speed than fifteen miles per hour, then, gentlemen of the
jury, the court charges you that he would be guilty of negligence, and
if so operating his car at a greater rate of speed than fifteen miles an
hour was the direct and proximate cause of plaintiff's injury, if the
plaintiff has satisfied you by the greater weight of the evidence of those
facts, that then it would be your duty to answer the first issue Yes."

The defendant excepted on the ground that the instruction assumes
as a fact that the defendant's view was obstructed.  Whether his view
was obstructed was undetermined.  The defendant did not admit it, and
in his brief the plaintiff says that no witness distinctly testified to it,
although the testimony of the plaintiff, Dewey Harris, and J. E. Lucas is
sufficient to show, if believed, that the defendant's view was obstructed.
The evidence may have been sufficient, but the jury had no opportunity
to decide the question.  The burden was upon the plaintiff to prove each
of the elements necessary to constitute negligence, including the plain-
tiff's failure to restrict his speed, because when approaching the inter-
section his view was obstructed.

New trial.