CHRISTINE WINDLEY v. LOIS BROCK, F. BROCK, AND MARVIN WRIGHT.

(Filed 15 March, 1933.)

**Highways B b—Where evidence shows that intersection was not obstructed instruction defining obstructed intersection and speed thereat is error.**

In an action involving the question of negligence in causing a collision of automobiles 173 feet from an intersection of highways, an instruction defining the legal speed at an obstructed intersection and defining what constitutes an obstructed intersection will be held for reversible error where all the evidence shows that the intersection in question was not an obstructed intersection as defined by law.

CIVIL ACTION, before *Parker, J.,* at October Term, 1932, of HYDE.

The plaintiff was a guest in a car owned and driven by the defendant, Marvin Wright, traveling from Washington to Wilmington on route No. 30. State Highway No. 12 intersects No. 30. The Wright car was traveling southward along No. 30, approaching the intersection of Highway No. 12. At the same time the car driven by the defendant, Lois Brock, was traveling northwardly along No. 30 approaching the said intersection of No. 12. The road at the point of intersection on both sides thereof was straight for a considerable distance, variously estimated at from five hundred yards to a mile. The evidence further tended to show that when the Brock car reached a point approximately 173 feet south of the intersection it turned to the left across the road or highway to enter a filling station on the west side of the highway, and that the two cars collided at a point about 173 feet south of the intersection. The plaintiff contended that the Wright car, in which she was a guest, was operated at an excessive rate of speed, and that the Brock car was negligently operated in that it turned directly across the road in front of the Wright car. This testimony shifted the controversy to the defendants, and each one contended that the other was negligent.

Issues of negligence were submitted with reference to the negligence of both Lois Brock and of Marvin Wright and answered by the jury in favor of plaintiff. Damages were awarded in the sum of $5,000, and from the judgment upon the verdict the defendant, Wright, appealed.

*H. C. Carter for plaintiff.*
*MacLean & Rodman for defendant.*

WINDLEY v. BROCK.

BROGDEN, J. The trial judge charged the jury as follows: "The court further charges that persons driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at such a speed as to endanger the life, limb or property of any person, and at a rate of speed greater than 15 miles an hour when approaching within 50 feet and in traversing an intersection of highways when the driver's view is obstructed. The court further charges you in this connection that a driver's view is deemed to be obstructed when at any time during the last 100 feet of his approach to such intersection he does not have a clear and uninterrupted view of such intersection, and of the traffic upon all the highways entering such intersection for a distance of 200 feet from such intersection. The court further charges that the juncture of State Highway No. 30 and the State Highway No. 12 as referred to by the witnesses in this case constituted intersecting highways within the meaning of the law."

The defendant, Wright, challenges the above instruction upon two grounds: (1) That a collision 173 feet from an intersection does not invoke the application of the speed law governing the operation of automobiles at intersections; (2) that there was no evidence that the intersection was obstructed and that hence it was probable that the jury received the impression that a speed in excess of 15 miles an hour at the intersection described in the evidence, constituted evidence of negligence.

The court expresses no opinion as to whether a collision 173 feet from an intersection should be properly classified as a junction accident or injury. However, the defendants' contention with respect to the instruction relating to a speed of fifteen miles an hour at an obstructed intersection is sustained. There is no evidence in the record that the intersection was obstructed. Therefore, the principle announced in *Rudd v. Holmes,* 198 N. C., 640, 152 S. E., 894, is conclusive. The Court said: "The defendant excepted on the ground that the instruction assumes as a fact that the defendant's view was obstructed. Whether his view was obstructed was undetermined. The defendant did not admit it, and in his brief the plaintiff says that no witness distinctly testified to it, although the testimony of the plaintiff, Dewey Harris, and J. E. Lucas is sufficient to show, if believed, that the defendant's view was obstructed. The evidence may have been sufficient, but the jury had no opportunity to decide the question. The burden was upon the plaintiff to prove each of the elements necessary to constitute negligence, including the plaintiff's failure to restrict his speed, because when approaching the intersection his view was obstructed."

New trial.