MARY GIBBS WILLIAMS v. JOSEPH R. BOULERICE, CECELIA W. BOULERICE, ROBERT E. HARE AND WILLIAM LEON HARE.

(Filed 1 March, 1967.)

**1. Automobiles § 65—**

Evidence that a driver, traveling east at a lawful speed, was confronted with a sudden emergency when a driver entered the street from an intersection so that she was forced to drive partially on the right shoulder to avoid collision with the other car, that she was then confronted with a fire hydrant on her right side of the road, and, to avoid it, cut to her left, lost control, traversed the street and went into the ditch on her left, while sufficient to present the question of negligence, does not disclose careless and reckless driving within the purview of G.S. 20-140.

**2. Automobiles § 46—**

Where the evidence is insufficient to present the question of a defendant's careless and reckless driving within the purview of G.S. 20-140, it is error for the court to submit the question of careless and reckless driving in violation of the statute in the court's instruction upon the issue of such driver's negligence.

**3. Appeal and Error § 23—**

Rules of Practice in the Supreme Court are mandatory, and an assignment of error to the admission of evidence which fails to disclose the evidence admitted over objection so that the question sought to be presented is disclosed within the assignment of error itself, is ineffectual.

**4. Appeal and Error § 41—**

It is a matter of common knowledge that an experienced driver is more competent than an inexperienced one, and the admission of testimony of a defendant at a former trial to the effect that he would not have the competence as a new driver as he would as an old driver, even if incompetent, cannot be prejudicial.

**5. Trial § 51—**

A motion to set aside the verdict as being contrary to the weight of the evidence is addressed to the sound judicial discretion of the trial judge, and the refusal to grant the motion is not reviewable in the absence of manifest abuse of discretion.

APPEAL by plaintiff and defendants Boulerice from *Bundy, J.,* November 1966 Civil Session of PASQUOTANK.

Action *ex delicto* to recover damages for personal injuries sustained by plaintiff while riding as a passenger in an automobile allegedly negligently driven by her daughter Cecelia W. Boulerice, with the consent, knowledge and approval of her husband, Joseph R. Boulerice, who owned the automobile for the convenience and pleasure of his family as a family purpose automobile, which alleged negligent operation of the automobile by Cecelia W. Boulerice and the alleged negligent operation of another automobile owned by Robert E. Hare as a family purpose automobile and driven by his

son William Leon Hare with his father's consent, knowledge and approval and as his agent and employee within the scope of his agency, constituted joint and concurrent negligence on the part of the drivers of both automobiles and proximately caused her personal injuries.

The following issues were submitted to the jury and answered as appears:

"(1)  Was the plaintiff injured by the negligence of the defendants Joseph R. Boulerice and Cecelia W. Boulerice, as alleged in the Complaint?

"ANSWER:  Yes.

"(2)  Was the plaintiff injured by the negligence of the defendants Robert E. Hare and William Leon Hare, as alleged in the Complaint?

"ANSWER:  No.

"(3)  What amount of damages, if any, is the plaintiff entitled to recover?

"ANSWER:  $10,000.00."

From a judgment that plaintiff recover from the defendants Boulerice the sum of $9,500 (the judgment reciting that "under medical payment coverage there has heretofore been paid to the plaintiff on behalf of defendants Boulerice the sum of $500," which is credited on the recovery), defendants Boulerice appeal. No judgment appears in the record as to defendants Hare, though the record states under APPEAL ENTRIES OF PLAINTIFF: ". . . To the foregoing judgment as to the defendants Hare, the plaintiff excepts, and from the same appeals. . . . Notice of appeal given in open court."

*Russell E. Twiford, attorney for plaintiff appellee as to defendants Boulerice, and attorney for plaintiff appellant as to defendants Hare.*

*John H. Hall, attorney for defendants Boulerice, appellants.*

*Leroy, Wells, Shaw & Hornthal, attorneys for defendants Hare, appellees.*

PARKER, C.J.  This is the second appeal in this case. The opinion in the first appeal is reported in 268 N.C. 62, 149 S.E. 2d 590. The first appeal was from a trial by Judge Mintz and a jury at the 20 September 1965 Session of Pasquotank, with this result: At the conclusion of plaintiff's evidence, upon motion of defendants Boulerice, the court entered a judgment of compulsory nonsuit to plaintiff's action against them, and plaintiff excepted. The court denied a similar motion by defendants Hare, and they excepted. Defendants Hare

then introduced evidence. At the end of all the evidence defendants Hare renewed their motion for judgment of compulsory nonsuit, which the court denied, and they excepted. The court submitted to the jury issues of negligence and damages. The jury answered the first issue of negligence, No. Judgment was entered in accord with the verdict. Plaintiff appealed from the judgment of compulsory nonsuit entered in her case against defendants Boulerice, and appealed from the judgment that she recover nothing from defendants Hare. The Court in its opinion on the first appeal reversed the judgment of compulsory nonsuit in plaintiff's case against defendants Boulerice, and ordered a new trial in plaintiff's case against defendants Hare for error in the charge to the jury.

A summary of the essential allegations in the pleadings of all the parties and a summary of plaintiff's evidence in the case are set forth in the opinion on the first appeal, except there is no summary of the testimony of plaintiff's witness Noah Gurganus and there is no summary of the testimony of defendants Hare. In the instant case the briefs of all the parties state in substance the evidence in the second trial of this case was substantially the same as the evidence in the first trial, as set forth in the records on both appeals. Such being the case, we deem it unnecessary in deciding the appeal in the instant case to repeat the evidence in this opinion but refer to the evidence as set forth in the opinion of the first appeal.

This is a summary of the testimony of Noah Gurganus in the second trial, a witness for the plaintiff in both trials: On 17 July 1962 he was a member of the Elizabeth City police department. He investigated the accident about 2:50 p.m. on this date. He saw a 1959 Mercury on its left side in a ditch on the north side of Factory Street. He described in detail the ditch, the paved width of Factory Street, and the fireplug on the south side of Factory Street near the intersection and about 25 to 28 feet from the center of the intersection. When he got there plaintiff was standing on Factory Street and Mrs. Boulerice was still in the car, and her arms seemed to be pinned outside of the car against the ditch bank. Mrs. Boulerice stated she was headed east on Factory Street and when she came to the intersection of Factory and Fleetwood Streets a green and white Ford came out of Fleetwood Street at a rapid rate of speed and caused her to lose control of the car, and she went over to the right side of the street and back over to the left side and turned over in the ditch. Later in the day he talked to William Leon Hare. Hare stated that during that afternoon he had driven a green and white Ford through the intersection of Fleetwood and Factory Streets. He recalled passing a pink car like the Boulerice car before the accident, but did not recall where he passed it. Mrs. Boulerice did not

make any statement to him about her applying brakes prior to striking the ditch. He did not see any marks on the paved portion of Factory Street at all. We summarize Gurganus's testimony for the reason that plaintiff in her brief as appellee stresses the testimony of Gurganus under her discussion of careless and reckless driving of Cecelia W. Boulerice, and states this:

"The plaintiff alleged and offered evidence, as hereinabove set forth, which was corroborated by the witness Gurganus, that the defendant Cecelia Boulerice operated said automobile in such a manner as to negligently and carelessly cause the injuries to the plaintiff and the defendants Boulerice offered no evidence in contradiction thereof."

This is a brief summary of the evidence of defendants Hare: William Leon Hare, who is a white man, testified in substance: On the day in question about 2:15 p.m. he drove his father's green and white Ford automobile into and through the T-intersection of Factory Street and Fleetwood Street in Elizabeth City when no other automobile was in it or approaching it. He did not pass the Boulerice car at the intersection. Before then he had seen the Boulerice car on several occasions. He did not see the Boulerice car until about an hour later when he returned home. He then saw it in the ditch on its side, and there was no one in the automobile.

Elliott Ward testified in substance: He is a mail carrier in Elizabeth City. In delivering mail on 17 July 1962, he noticed an automobile in a ditch, and two ladies were in the car and two men were giving assistance. He assisted in getting Mrs. Boulerice out of the car. She told him a colored man came across the road and caused her to run into the ditch. He did not ask her what caused her to go in the ditch: she volunteered the statement.

Mrs. Delores Hare, who is now the wife of Leon Hare and was his fiancee on 17 July 1962, testified in substance: On 17 July 1962 she was in the automobile driven by Leon Hare. When the automobile approached the intersection of Factory and Fleetwood Streets, they waited for a car to pass them. They were at a standstill when this car passed by. Mrs. Boulerice was not driving that automobile. After that automobile passed them, it continued on down Factory Street and did not go into a ditch. This was a little after 2 p.m. About an hour later they came back to the Hare house and saw an automobile in the ditch. No one was in it, but persons were standing nearby.

William Thomas Felton testified in substance: He did not see the accident and does not know how long the Boulerice car had been in the ditch when he saw it. The first time he saw Leon Hare

that day, he was standing in his yard. He came over to him after he had driven up into the driveway and asked him what had happened. That was after plaintiff and Mrs. Boulerice had been taken away from the automobile in the ditch.

Mrs. Cassie McLawhorn testified in substance: She was in the living room of her house, which faces Fleetwood Street. She heard "a slam," and saw the Boulerice car going over. She did not see any other car at this intersection. She saw Leon Hare leaving his house driving his father's car. It was a good while before she saw the car turning over in the ditch. The green and white Ford owned by Leon Hare's father was not parked beside his house at any time within ten minutes prior to the time she saw the car going over into the ditch. She does not know what actually happened before the Boulerice car went into the ditch.

Joseph Roughton testified in substance: He was sitting on his front porch. The first thing he knew about the accident, he saw this car going by and right along there by the fireplug it looked like it swung off to the left and went into the ditch. He did not see the Hare car anywhere around the intersection.

APPEAL BY DEFENDANTS BOULERICE.

A close study of plaintiff's evidence in the record in the instant case, which is admitted by all parties to be substantially similar to the evidence stated in the opinion on the first appeal, considered in the light most favorable to plaintiff and giving to her the benefit of every reasonable inference to be drawn therefrom, tends to show the following: About 2:15 p.m. on 17 July 1962 plaintiff was a passenger in the Boulerice car driven by Cecelia W. Boulerice, her daughter. This car was headed in an easterly direction on Factory Street and approaching the intersection of Factory and Fleetwood Streets. It was traveling at a speed of about 25 miles per hour. As the Boulerice car entered the intersection, a Ford automobile, driven by William Leon Hare and owned by his father Robert E. Hare, came out of Fleetwood Street, entered the intersection, turned to its right in the intersection, and headed towards Parsonage Street. The two automobiles came very close together when they passed, but did not strike or collide. Confronted with this sudden emergency, the driver of the Boulerice car pulled it to its right to avoid the Ford automobile hitting it. Then a fireplug was so close the Boulerice car cut back to the left and went across the street and turned over in a ditch about 6 feet deep and five to six feet across the top. Considering plaintiff's evidence as we are required to do in considering a motion for judgment of nonsuit, it is our opinion, and we so hold, that plaintiff has adduced no evidence at all tending to show that Cecelia W. Boulerice was guilty of careless and reckless driving in violation

of G.S. 20-140. *S. v. Simmons,* 240 N.C. 780, 83 S.E. 2d 904. There is no evidence offered by defendants Hare that plaintiff can call to her aid tending to show that Cecelia W. Boulerice was guilty of the careless and reckless driving of an automobile, in violation of G.S. 20-140.

The first issue submitted to the jury in the instant case is: "Was the plaintiff injured by the negligence of the defendants Joseph R. Boulerice and Cecelia W. Boulerice, as alleged in the Complaint?" And the second issue is: "Was the plaintiff injured by the negligence of the defendants Robert E. Hare and William Leon Hare, as alleged in the Complaint?" The court in its charge, *inter alia,* instructed the jury: "Now, when you come to consider this first issue, and likewise the second one, which we will come to in order, we have to know what negligence is complained of, or wherein does the plaintiff contend that the defendants Hare were negligent. She says that the Hares were negligent in that the car driven by the younger Hare was driven carelessly and recklessly, and there is a statute prohibiting the careless and reckless operation of a car. . . ." Immediately thereafter the court charged the jury as follows, which is assigned as error by the defendants Boulerice: "The violation of this statute is negligence *per se,* that is negligence of itself, and if the proximate cause of injury, why then it is negligence which would entitle you to answer the first issue YES, if you find negligence and proximate cause arising from careless and reckless driving, by the greater weight of the evidence." Immediately after the foregoing portion of the charge, the court went to the second issue having to do with the negligence of defendants Hare and charged at considerable length on that issue. Immediately thereafter the court instructed the jury as follows, which is assigned as error by the defendants Boulerice: "The plaintiff contends that Cecelia Boulerice drove the car of her husband on that occasion without due caution and circumspection, and at a speed or in a manner so as to endanger or be likely to endanger any person or persons on the highway." The court then again reverted in its charge to the first issue and charged the jury as follows, which the defendants Boulerice assign as error: "Now, concluding that portion of the charge, gentlemen, if the plaintiff has satisfied you from the evidence and by its greater weight that Joseph R. Boulerice and Cecelia W. Boulerice, she driving his car, were negligent in any one or more of the particulars alleged, which I have called your attention to, and that such negligence was a proximate cause of her injury, then it would be your duty to answer that issue YES. Otherwise, you would answer it No."

It was prejudicial error to defendants Boulerice for the court

to instruct the jury, *inter alia,* to the effect that if the jury found from the evidence and by its greater weight, the burden of proof being upon the plaintiff to so satisfy them, that Cecelia W. Boulerice drove her husband's automobile in a careless and reckless manner, in violation of G.S. 20-140, that that would be negligence, and that if such negligence was the proximate cause of her injuries then the jury should answer the first issue Yes, otherwise No, because there is no evidence in the record to show that Cecelia W. Boulerice drove the automobile carelessly and recklessly, in violation of G.S. 20-140. *White v. Cothran,* 260 N.C. 510, 133 S.E. 2d 132, and cases there cited; *Windley v. Brock,* 204 N.C. 357, 168 S.E. 204.

Plaintiff's uncontradicted evidence in the case shows that Cecelia W. Boulerice, who was driving her husband's automobile, was faced with a sudden emergency when she entered the intersection of Fleetwood and Factory Streets, the emergency being caused by a car being driven into the intersection from Fleetwood Street. Defendants Boulerice assign as error the correctness of the parts of the charge as to sudden emergency. This assignment of error raises serious questions as to the correctness of that part of the charge. However, since they are entitled to a new trial for prejudicial error in the charge as above set forth, we do not deem it necessary to discuss this assignment of error, as the law in this jurisdiction is well settled as to the doctrine of sudden emergency, and when the case is tried again the court will probably correctly charge on the doctrine of sudden emergency.

For error in the charge defendants Boulerice are entitled to a

New trial.

APPEAL BY PLAINTIFF APPELLANT AS TO DEFENDANTS HARE.

Plaintiff has five assignments of error. All are overruled.

After the court had denied a motion by defendants Hare for judgment of compulsory nonsuit and the defendants excepted, the record shows the following:

"THE COURT then stated that it was going to allow certain portions of the testimony of Mrs. Cecelia Boulerice, one of the defendants, given at the prior trial when called as a witness by defendants Hare, to be read in evidence; to which both the plaintiff and defendants Boulerice noted their objection.

"PLAINTIFF'S EXCEPTION AND ASSIGNMENT OF ERROR No. 1.

"MR. WELLS: As against the plaintiff and the defendants Boulerice, the defendants Hare offer into evidence the follow-

ing portions of the testimony of the defendant Cecelia Boulerice, given on the trial of this case in this court at the September 1965 Session.

"MR. TWIFORD: The plaintiff Williams objects as to the first part of the testimony.

"COURT: Overruled. You had better object as it comes up.

"PLAINTIFF'S EXCEPTION AND ASSIGNMENT OF ERROR No. 2.

"MR. WELLS (reading from the former transcript):

"Q. Had you at that point developed into a driver with the same confidence as you have now in driving an automobile?

"Objection by Plaintiff Williams. Overruled.

"PLAINTIFF'S EXCEPTION AND ASSIGNMENT OF ERROR No. 3.

"A. Well, you know I would not have the competency as a new driver as I would an old one."

The Rules of Practice in this Court are mandatory and will be enforced. *Pamlico Co. v. Davis,* 249 N.C. 648, 107 S.E. 2d 306; *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126. An assignment of error must disclose the question sought to be presented without the necessity of going beyond the assignment itself. *Balint v. Grayson,* 256 N.C. 490, 124 S.E. 2d 364; *Lowie & Co. v. Atkins,* 245 N.C. 98, 95 S.E. 2d 271.

It is manifest that plaintiff's first two assignments of error disclose nothing prejudicial to plaintiff appellant, and according to the rules of this Court we have no disposition to embark upon "a voyage of discovery" through the pages of the record to ferret out what questions plaintiff appellant desires to present by these two assignments of error. It is a fact known generally by all men that a new driver of an automobile does not have the same competency as an experienced driver. It is our opinion, and we so hold, the admission of the testimony of Cecelia W. Boulerice given at a prior trial of this case when called as a witness by defendants Hare, "Well, you know I would not have the competency as a new driver as I would an old one," even if it were incompetent, which we do not concede, could not have prejudiced plaintiff and could not have influenced the verdict in the instant case as to the defendants Hare.

Plaintiff's fourth and fifth assignments of error are that the court erred in failing to set aside the verdict as being contrary to the law and weight of the evidence, and in the signing and entering of the judgment as to defendants Hare. These assignments of error are overruled. A motion to set aside the verdict as being contrary to the weight of the evidence is addressed to the sound judicial discretion of the trial judge, and the refusal to grant the motion is not

appealable in the absence of manifest abuse of discretion. 4 Strong's N. C. Index, Trial, § 51. There is nothing in the record to show that the trial judge abused his sound judicial discretion in denying plaintiff's motion. On plaintiff appellant's appeal as to defendants Hare, prejudicial error is not shown. Therefore, on plaintiff appellant's appeal as to defendants Hare we find

No error.