NANCY E. JENKINS v. ALLEN GAINES.

(Filed 22 November, 1967.)

**1. Appeal and Error § 31—**

An assignment of error to an excerpt from the charge containing a number of legal propositions, without pointing out any specific particulars of the charge as erroneous, must fail if any one of the propositions is correctly stated.

**2. Automobiles § 19—**

An instruction in this case to the effect that if plaintiff had the green light when she entered the intersection she had the right to proceed unless defendant, approaching along the intersecting street, had the green light and had already entered and was in the intersection, in which event it would be plaintiff's duty to yield the right of way, *held* without error, and the court's further charge on the question of proximate cause as related to the variant factual situations presented by the evidence is correct.

APPEAL by plaintiff from *Patton, E.J.,* May 1, 1967 Schedule D Civil Session, MECKLENBURG Superior Court.

The plaintiff instituted this civil action against the defendant to recover for the personal injuries and property damage she sustained as a result of a collision between the 1966 Chevelle automobile she owned and was driving and the 1964 Chevrolet automobile which the defendant owned and was driving.

The collision occurred at approximately 6:43 on the morning of September 13, 1966 at the intersection of West Trade Street and South Summit Street in the City of Charlotte. West Trade is a four lane street, the two south lanes marked for traffic east; the two north lanes marked for traffic west. South Summit is a two lane street, the east lane marked for traffic north; the west lane marked for traffic south. Synchronized electric traffic control signals alternately displaying green, yellow, and red lights controlled traffic at the in-

tersection. The plaintiff approached the intersection driving east on the inside lane of Trade Street. The defendant approached the intersection driving north on Summit Street. The plaintiff testified: ". . . I came down Tuckaseegee Road onto Trade Street and was in the left hand lane and as I came up to the light, this bus was parked beside me waiting for the light. As I came up to the light, my light turned from red to green and I just let off my brake and kept going. I did not completely stop and I couldn't see Mr. Gaines' car coming down Summit because of the bus beside me and as I got right here at the bus, I saw the front of his car and couldn't stop and I hit him. . . ." The defendant testified: ". . . The traffic light was still green when I entered the intersection from South Summit Street. The only traffic I saw to my left on Trade Street as I entered the intersection was a city bus. . . . I was making my turn and this car came on the other side of the bus and struck me. . . . Her left front struck my left side about the driver's side. . . ."

A passenger on the bus testified the light changed to caution as the defendant's vehicle crossed the line at the intersection. The bus had not moved when the cars collided. The investigating officer testified the collision occurred near the center of the intersection.

Both parties offered evidence. The Court submitted three issues — negligence, contributory negligence and damages. The jury answered the first issue "No", thereby finding the defendant was not negligent. The other issues were not answered. The Court entered judgment in favor of the defendant and dismissed the action. The plaintiff appealed.

*Joel L. Kirkley, Jr., for plaintiff appellant.*

*J. Donnell Lassiter; Kennedy, Covington, Lobdell & Hickman by Charles V. Tompkins, Jr., for defendant appellee.*

HIGGINS, J. The plaintiff noted only six exceptions during the trial. Each is the subject of a separate assignment of error. Assignments 1 and 2 bracket and designate as objectionable more than a page of the Court's charge. In each instance a number of legal propositions are included and discussed. Many, if not all, are entirely free of objection. As presented, the objection is broadside and does not conform to Rule 21, *Rules of Practice in the Supreme Court,* 254 N.C. 785 (803, *et seq.*). The rule is stated in *Doss v. Sewell,* 257 N.C. 404 (409), 125 S.E. 2d 899: ". . . 'This exception falls under the condemnation of the necessary rule of appellate practice that an exception must point out some specific part of the charge as erroneous, and that an exception to a portion of a charge embracing a number of propositions is insufficient if any one of the propositions

is correct.' *Powell v. Daniel*, 236 N.C. 489, 73 S.E. 2d 143, citing many cases." *Williams v. Boulerice*, 269 N.C. 499, 153 S.E. 2d 95; *In Re Adams Will*, 268 N.C. 565, 151 S.E. 2d 59; *Balint v. Grayson*, 256 N.C. 490, 124 S.E. 2d 364.

Assignment of Error 3 challenges the Court's instruction that if the plaintiff had the green light when she entered the intersection, she had the right to proceed through unless the defendant, in obedience to a green light, had already entered and was in the intersection, in which event it would be her duty to yield the right-of-way. The part of the charge objected to was addressed to the issue of plaintiff's contributory negligence and the circumstances under which her negligence might be one of the proximate causes of the collision between the automobiles. The jury did not reach the issue of contributory negligence. We do not perceive any valid objection the plaintiff has to that part of the charge challenged by Assignment 3.

The fourth assignment relates to the proximate cause of the accident. The Court carefully charged as to the legal rights of each of the parties in traversing the intersection and gave instruction as to applicable law to the different factual situations disclosed by the evidence. The plaintiff's evidence tended strongly to indicate at least as she crossed the line into the intersection the light had changed to green or was in the act of so changing. She admitted she did not stop. The city bus was parked on the outside lane. The driver intended to proceed through the intersection when the green light appeared. However, before the bus moved, the plaintiff passed it and struck the defendant's vehicle.

The defendant's evidence tended to show that the light was green for him; that he saw the bus stopped on a red light, but did not see plaintiff until she passed the bus and struck his vehicle in the intersection. The jury found the defendant was not negligent. The plaintiff does not challenge the sufficiency of the evidence to support that finding.

Assignments 5 and 6 are formal — 5 is addressed to the Court's refusal to set the verdict aside, and 6 is addressed to the signing of the judgment. The record does not disclose any valid reason in law why the verdict and judgment should be disturbed.

No error.