KATHLEEN HALL REECE v. ANTONIOS Y. KARRAZ

No. 7110DC455

(Filed 18 August 1971)

1. **Automobiles § 79— intersection accident — contributory negligence**
   Plaintiff's evidence disclosed her contributory negligence as a matter of law where it showed that plaintiff entered an intersection and struck a left-turning automobile that had entered the intersection from the opposite direction, that plaintiff's view was unobstructed as she entered the intersection, and that plaintiff did not look to the left or right before entering the intersection.

2. **Automobiles § 79— intersection accident — contributory negligence**
   In defendant's counterclaim against plaintiff, the trial court erred in finding defendant contributorily negligent as a matter of law, that being a jury question, where there was evidence tending to show that defendant turned left at an intersection on the green arrow and was struck by plaintiff's oncoming car before he could safely cross plaintiff's lane of travel.

APPEAL by plaintiff and defendant from *Barnett, District Judge,* 18 January 1971 Session of District Court held in WAKE County.

The plaintiff instituted this action against the defendant to recover for the personal injuries and property damage she sus-

tained as a result of a collision between the 1967 Plymouth she owned and was driving and the 1965 Chevrolet which the defendant owned and was driving. Defendant filed an answer denying the material allegations of the complaint and filed a counterclaim for the personal injuries and property damage he sustained as a result of the collision.

The accident occurred at approximately 10:30 p.m., 6 July 1968, at the intersection of Avent Ferry Road and Western Boulevard. Western Boulevard consisted of two eastbound and two westbound lanes for through traffic with a "left turn" lane for both east and westbound traffic. There were synchronized electrically-operated traffic control devices at each intersection. Traffic traveling straight either east or west was stopped at the time the traffic in the turn lanes was allowed to go.

Plaintiff's evidence, through the witness Richard Dennis McLaughlin (McLaughlin), tended to show that at the time of the collision witness was stopped at the intersection of Western Boulevard and Avent Ferry Road facing in an easterly direction. He was in the middle lane with the left turn lane on his left empty and the lane on his right closest to Avent Ferry Road also empty. His traffic light was red. He testified:

" . . . I saw Mr. Karraz's vehicle. When I first saw it, it was stopped in the left-turn lane of the westbound traffic. The traffic signals, as represented by the circles which I have indicated over these lanes on the blackboard diagram represent the traffic signals. These were suspended from wires. There was one traffic signal light for each lane. I was generally familiar with this intersection. . . . I can state that the sequence of the traffic signals at this intersection as they were on that night as to when the left-turn signals operated were: Left-turn signals worked together, both eastbound and westbound traffic. They both turn green to yellow to red before the straight-through traffic, both westbound and eastbound, before that turns green.

. . . When I first saw the Karraz vehicle as to what it was doing, it was stopped, in the left-turn lane, westbound. The traffic signal for the left turning traffic eastbound when I observed it was green. I did not see this light go from red to green. I did not observe it turn green. I observed it after I saw Mr. Karraz's vehicle. I did not see

Mr. Karraz's vehicle begin to move. As to when I first noticed the Karraz vehicle begin its left turn, I noticed that he began his left turn after—I noticed he was making a left turn after my light had turned green. I saw Mr. Karraz's vehicle as it was turning and moving across in front of my car. I did not see it as he began his turn but I saw him as he was then completing the turn and proceeding straight across in the median.

At that time the traffic signal for eastbound traffic in my lane had changed to another color from red. It had changed to green. At that time as I observed the Karraz vehicle at or about the median the color of the signal for left turn traffic eastbound was red. . . . "

Mrs. Reece's car then came by McLaughlin on the right and collided with the Karraz vehicle.

On cross-examination McLaughlin testified that when he first noticed the Karraz car it had entered the intersection.

" . . . He entered the intersection and at that point the light for me had turned green. As to whether he was at that point already in the intersection or had entered the intersection I don't want to say that he had entered the intersection. He was in the intersection when my light turned green. I do not want to say that he had entered the intersection because I was not observing him."

McLaughlin was driving a 1968 Triumph which, he testified, is approximately three-quarters or less as tall as a full size automobile.

Mrs. Reece testified that she was traveling in an easterly direction on Western Boulevard when she approached the subject intersection. The light turned green in her direction some 100 feet before she reached the intersection. She testified:

" . . . I was looking straight ahead. I did not see any cars within the intersection as my vehicle approached it. As to when I first saw the Karraz car, when I hit it."

On cross-examination she testified:

"When I approached the intersection of Western Boulevard and Avent Ferry Road, I testified that I was looking straight ahead. I don't remember looking to my left and as to whether I don't remember looking to my left or didn't

look to the right or just straight ahead, well, approaching the intersection, ordinarily you see right and left. I assumed from my normal driving procedure that I was exerting the normal caution to approaching an intersection, but to remember exactly whether I looked to my left or right I don't know. . . . I didn't see then Mr. Karraz's car until a (sic) moment of impact."

Antonios Karraz, the defendant, testified in his own behalf that he was traveling in a westerly direction on Western Boulevard when he came to the subject intersection. Desiring to turn left onto Avent Ferry Road, he pulled into the left turn lane and waited until the light for his lane turned green. He was not certain whether he proceeded into the intersection immediately when the light changed colors but it was green when he entered the intersection. Before he could reach the other side he was struck by the plaintiff.

At the conclusion of all the evidence the judge directed a verdict for the defendant on plaintiff's claim based on the contributory negligence of the plaintiff. He also directed a verdict for plaintiff on defendant's counterclaim based on the contributory negligence of the defendant. From this judgment both plaintiff and defendant appealed.

*Walter L. Horton, Jr., for plaintiff appellant.*

*Smith, Anderson, Dorsett, Blount and Ragsdale, by John L. Jernigan, for defendant appellant.*

MORRIS, Judge.

### Plaintiff's Appeal

[1] There is nothing in the record to indicate that plaintiff's view was obstructed as she entered this intersection. All of the evidence is to the contrary. The defendant's auto was lighted and had she exercised proper caution we perceive no reason she should not have detected defendant's vehicle before the impact. By her own testimony she admits that she cannot remember looking to the left or right. The applicable rule is stated in *Galloway v. Hartman,* 271 N.C. 372, 156 S.E. 2d 727 (1967):

" ' . . . a motorist facing a green light as he approaches and enters an intersection is under the continuing obliga-

tion to maintain a proper lookout, to keep his vehicle under reasonable control, and to operate it at such speed and in such manner as not to endanger or be likely to endanger others upon the highway. (Citation.) Nevertheless, *in the absence of anything which gives or should give him notice to the contrary,* a motorist has the right to assume and to act on the assumption that another motorist will observe the rules of the road and stop in obedience to a traffic signal.' *Cox v. Freight Lines, supra; Hyder v. Battery Company, Inc.,* 242 N.C. 553, 89 S.E. 2d 124; *Troxler v. Motor Lines, supra.*" (Emphasis supplied.)

We are of the opinion that the trial judge did not commit error in directing a verdict against the plaintiff.

### Defendant's Appeal

[2]   Defendant testified that he turned left on the green arrow. This evidence is uncontradicted. The witness McLaughlin testified that when the light controlling his lane of traffic turned green defendant was in the intersection. He did not say that the light controlling the left turn lane beside him (which was synchronized with the left turn signal before defendant) had turned red prior to the time that defendant began his turn. We have then a situation where the jury could find from the evidence that defendant entered the intersection on a green light and was struck before he could reach the other side in safety.

The applicable rule is stated in Annot., 2 A.L.R. 3d 12 (1965), at page 22:

"  . . . where vehicles enter from opposite sides of an intersection, one intending to turn left across the path of the other, and the signals are opposing in some phase in order to permit such left turn, the vehicle proceeding on a favorable signal has the right of way over one going against an unfavorable one, but its driver must yield the right of way to a vehicle which entered previously on a favorable signal, or otherwise entered lawfully, and is caught on the change." See also *Jenkins v. Gaines,* 272 N.C. 81, 157 S.E. 2d 669 (1967).

Viewing the evidence in the light most favorable to the defendant, as we must do on a motion for directed verdict, tak-

ing as true all evidence supporting his claim, resolving contradictions and inconsistencies in his favor, *Maness v. Construction Co.*, 10 N.C. App. 592, 179 S.E. 2d 816 (1971), *cert. den.* 278 N.C. 522 (1971), we think the question of defendant's contributory negligence was for the jury.

On plaintiff's appeal—No error.

On defendant's appeal—New trial.

Judges BRITT and PARKER concur.